856

him to serve six months in the Du Page County jail as a condition of his probation sentence is improper under the provisions of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1001—1—1 et seq.). Defendant's appeal in this case was pending on our docket on January 1, 1973, when the new Code became effective. The prosecution of defendant's case had thus not reached the stage of "final adjudication" at the time of the Code's effective date. Therefore, defendant is entitled to have his sentence conform to the Code's provisions as they existed on January 1, 1973, prior to their amendment by P. A. 78-939. *People ex rel. Weaver v. Longo* (1974), 57 Ill.2d 67; *People v. Zayas* (1974), 17 Ill.App.3d 390 (abstract opinion).

■■ Section 5—6—3(d) of the Code (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—3(d)), as it read on January 1, 1973, prohibits the imposition of split sentences. For this reason, judgment in this case is modified to eliminate the 6-month period of incarceration so as to constitute a sentence solely of probation for a period of 3 years.

The judgment of conviction and the sentence as modified are affirmed.

Affirmed as modified.

SEIDENFELD, P. J., and T. MORAN, J., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICHARD F. LAWLER, Defendant-Appellant.

(No. 72-350; ■■■■■■■■

Second District—June 5, 1974.

Opinion by Mr. JUSTICE T. MORAN.

Carl Kuhn, of Glen Ellyn, for appellant.

William V. Hopf, State's Attorney, of Wheaton (Malcolm F. Smith, Assistant State's Attorney, of counsel), for the People.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROGER BANKS, Defendant-Appellant.

(No. 72-178;

Second District—June 4, 1974.

Ralph Ruebner and Adam Lutynski, both of the Office of State Appellate Defender, of Elgin, for appellant.